STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**

**July 27, 2015**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**EDRIA DUNN,**
**Claimant Below, Petitioner**

**vs.)   No. 13-1029** (BOR Appeal No. 2048231)
            (Claim No. 2011021440)

**TRACTOR SUPPLY COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Edria Dunn, by Gregory S. Prudich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Tractor Supply Company, by Jeffery B. Brannon, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 13, 2013, in which the Board affirmed a March 8, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 21, 2010, decision to reject the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Dunn, an employee of Tractor Supply Company, was moving feed bags on December 9, 2010, when she walked to the back of the store to use the restroom. On her way back to the front of the store, Ms. Dunn felt and heard her knee pop. Ms. Dunn was first seen on December 14, 2010, by Steven O'Saile, M.D. Dr. O'Saile diagnosed her with left knee internal derangement. Dr. O'Saile also suspected a tear of the medial meniscus. As a result, Dr. O'Saile

1

recommended an MRI of the left knee to access the possible damage. Ms. Dunn filed her application for workers' compensation benefits and the claims administrator denied her request on December 21, 2010. The claims administrator determined that because Ms. Dunn's injury was idiopathic in nature she failed to show that her injury was received in the course of and was a result of her employment with Tractor Supply Company. Ms. Dunn protested.

Tractor Supply Company introduced medical records that showed on June 14, 2010, Ms. Dunn reported to Jana Peters, D.O., almost six months before the date of the compensable injury with left knee pain, right foot pain, and pain on top of left foot. Ms. Dunn stated that she dropped a board on her foot. Ms. Dunn tested positive for spur on the right heel. Ms. Dunn indicated that she had received an injection by Dr. O'Saile but that it yielded little relief. Dr. Peters noted complaints of corn on right metatarsal/plantar surface, and left knee pain for two to three months even though there was no known injury. She reported her left knee gives out and locks up on occasion. After examination, Dr. Peters diagnosed corn on the right metatarsal, right foot pain, hypertension, depression, hyperlipidemia, and left knee pain. Dr. Peters referred her to a podiatrist and for an MRI of the left knee. On June 22, 2010, Ms. Dunn had an MRI of the knee. The MRI revealed a small knee joint effusion and a popliteal space cyst. The impression was osteoarthritis, worse in the medial and patellofemoral compartments. There was a medial collateral ligament sprain with edema. There was no fracture shown but degenerative changes in the menisci were present. An x-ray was also taken. The impression on the left knee x-ray was mild osteoarthritis. Also on July 6, 2010, Ms. Dunn reported to Dr. O'Saile, with new left knee symptoms, which began along the medial aspect. Dr. O'Saile instructed her to follow-up in one month and if she had not improved, he would consider arthroscopic debridement.

The Office of Judges determined that Ms. Dunn failed to show her injury was a result of her employment with Tractor Supply Company. The Office of Judges noted that the MRI revealed a complex tear of the medial meniscus, a popliteal space cyst, an atypical meniscal cyst or ganglionic cyst on the posterior aspect of the knee joint, and osteoarthritis. Dr. O'Saile who testified in this matter, also relayed that he believed the popping heard by Ms. Dunn on the date of injury was her medial meniscus tearing. However, the Office of Judges determined that nothing at Tractor Supply Company either caused her to be injured or put her at a greater risk of injury. The Office of Judges noted that Ms. Dunn admitted that she did not trip, or slip, or come into contact with anything at Tractor Supply Company. She was simply walking when her knee popped. Because her injury was idiopathic in nature and not related to her work the Office of Judges affirmed the claims administrator's decision to reject the claim. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with findings of the Office of Judges and conclusions of the Board of Review. Ms. Dunn has failed to prove that her injury was in any way connected to her work. She was simply walking back to work when her knee popped. The injury could have happened to her at any time. Because there was no evidence that her work either caused her injury or contributed to her injury, Ms. Dunn has failed to show how her injury was a result of her employment with Tractor Supply Company.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 27, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Robin J. Davis
Justice Menis E. Ketchum